UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Shannon Nichole De Leon,
    Plaintiff

    v.                                      Case No. 13-cv-218-SM
                                          Opinion No. 2014 DNH 143

Radisson Hotels International, Inc.,
Radisson Property Management, Inc.,
Radisson Hotels International, Inc.,
d/b/a Radisson Hospitality Worldwide, Inc.,
Radisson Internal Management, Inc.,
Radisson Hotels International, Inc.,
d/b/a Radisson Hotels Worldwide, Inc.,
and Harbour Plaza Hotel Management, Ltd.,
    Defendants


**O R D E R**

Shannon De Leon brings this action seeking damages for injuries she sustained in a parasailing accident while vacationing at the Radisson Our Lucaya Resort in Freeport, Grand Bahama Island. One of the defendants - Harbour Plaza Hotel Management, Ltd. ("Harbour Plaza") - moves to dismiss the sole claim advanced against it for lack of personal jurisdiction. De Leon has not filed an objection. For the reasons stated, that motion is granted.

**Discussion**

When personal jurisdiction is contested, the plaintiff bears the burden of establishing that the court has such jurisdiction. See Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995); Kowalski v. Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7, 8 (1st Cir. 1986). Allegations of jurisdictional facts are construed in the plaintiff's favor, see Buckley v. Bourdon, 682 F. Supp. 95, 98 (D.N.H. 1988), and if, as here, the court proceeds based upon the written submissions of the parties without an evidentiary hearing, the plaintiff need only make a prima facie showing that jurisdiction exists. See Kowalski, 787 F.2d at 8; Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 674-75 (1st Cir. 1992).

Nevertheless, the plaintiff's demonstration of personal jurisdiction must be based on specific facts set forth in the record in order to defeat a defendant's motion to dismiss. See TicketMaster-New York, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994). See also Jet Wine & Spirits, Inc. v. Bacardi & Co., 298 F.3d 1, 8 (1st Cir. 2002) ("Although the burden of proof is light, [the plaintiff] may not rely on the mere allegations of its complaint, but must point to specific facts in the record that support those allegations."). And, "[i]n reviewing the record before it, a court 'may consider pleadings, affidavits,

and other evidentiary materials without converting the motion to dismiss to a motion for summary judgment.'" VDI Technologies v. Price, 781 F. Supp. 85, 87 (D.N.H. 1991) (quoting Lex Computer & Management Corp. v. Eslinger & Pelton, P.C., 676 F. Supp. 399, 402 (D.N.H. 1987)).

 Here, as noted above, De Leon has not objected nor has she filed any type of response to Harbour Plaza's motion. Accordingly, the court will take as uncontested the factual allegations set forth in that motion, as supported by the affidavit of Cheah Leng Leng, Financial Controller - Management Accounting, of Harbour Plaza (document no. 14-1). In short, Harbour Plaza is a Hong Kong corporation, with a principal place of business in Kowloon. It is a hotel management company that manages hotels primarily in Hong Kong and China. It has no property interests in New Hampshire, has never transacted business in New Hampshire, has no registered agent in this state, and has not regularly solicited business in this state.

 Based upon those uncontested facts, it is plain that this court lacks both general and specific personal jurisdiction over Harbour Plaza. See generally Dagesse v. Plant Hotel N.V., 113 F. Supp. 2d 211 (D.N.H. 2000) (court lacked general and specific personal jurisdiction over hotel management company that was sued

3

in New Hampshire when plaintiff's husband was injured in a hotel in Aruba).  Harbour Plaza's motion to dismiss for lack of personal jurisdiction (document no. 14) is, therefore, granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 23, 2014

cc: Phillip S. Bixby, Esq.
    John E. Brady, Esq.
    Glenn J. Holzberg, Esq.