UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Shannon N. De Leon,
     Plaintiff

     v.
                                             Case No. 13-cv-218-SM
                                             Opinion No. 2016 DNH 115

Ocean Motion Watersports, Ltd.,
     Defendant

**O R D E R**

     Plaintiff brought this action against Ocean Motion Watersports and several other defendants, seeking damages for injuries she sustained while vacationing on Grand Bahama Island. She subsequently settled her claims against those other defendants, so only the claims against Ocean Motion remain.

     According to the amended complaint, "Upon information and belief, Ocean Motion is a corporation organized and existing under the laws of Lucaya, Grand Bahama Island, with its principal place of business located in Lucaya, Grand Bahama Island." Amended Complaint (document no. 23) at para. 7. Although plaintiff claims to have properly served Ocean Motion

1

under the terms of the Hague Convention, Ocean Motion failed to file an answer or dispositive pleading. Accordingly, plaintiff moved for entry of default. That motion was granted. In due course, plaintiff moved for default judgment against Ocean Motion. That motion is pending.

Prior to granting plaintiff's motion for default judgment, the court issued an order in which it noted its independent obligation to ensure that it may properly exercise personal jurisdiction over Ocean Motion. The court also observed that plaintiff's amended complaint contains, at best, only sparse allegations concerning Ocean Motion's contacts with this forum - allegations that, even if fully credited as true, are plainly insufficient to warrant the conclusion that Ocean Motion has adequate contacts with this forum to permit the court to properly exercise either general or specific personal jurisdiction over it. Accordingly, the court directed plaintiff to show cause why her claims against Ocean Motion should not be dismissed for want of personal jurisdiction.

In her response, plaintiff acknowledges that she bears the burden to establish personal jurisdiction. See Plaintiff's

Response (document no. 71) at 1.  See generally, Negron-Torres v. Verizon Communications, Inc., 478 F.3d 19, 24 (1st Cir. 2007) (noting that when personal jurisdiction is challenged, "it is plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution.") (quoting United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001)). And yet, plaintiff offers not a single new allegation concerning Ocean Motion's contacts with this forum.  Instead, she relies exclusively upon the factual claims set forth in paragraph 12 of her amended complaint, which state:

> Upon information and belief, at all times material, Radisson International, Radisson Property, Radisson Hospitality, Radisson Management, Radisson Worldwide and/or Ocean Motion, through the internet and other advertising methods, which include purchasing and placing advertisements in major publications distributed and/or available in this district, solicited and received substantial business for the Radisson Our Lucaya Resort located on Grand Bahama Island and other properties that it/they operated, manage, maintain and/or control.

Amended Complaint at para. 12 (emphasis supplied).  Plaintiff has submitted no copies of the alleged "advertisements in major publications" that Ocean Motion allegedly purchased, nor has she provided a link to any website(s) through which Ocean Motion

allegedly "solicited and received substantial business" from residents of this forum, nor has she even alleged that the referenced website is "interactive." And, as the court of appeals has noted:

> It is clear that the mere existence of a website that is visible in a forum and that gives information about a company and its products is not enough, by itself, to subject a defendant to personal jurisdiction in that forum. Given the omnipresence of internet websites, such a rule would eviscerate the limits on personal jurisdiction over out-of-state defendants. Instead, for website activity to support the exercise of personal jurisdiction, something more is necessary, such as interactive features which allow the successful online ordering of the defendant's products.

Cossaboon v. Maine Medical Ctr., 600 F.3d 25, 35 (1st Cir. 2010) (citations and internal punctuation omitted).

In short, plaintiff has done nothing to substantiate the minimal assertions that she makes "upon information and belief" in her amended complaint. See generally Negron-Torres, 478 F.3d at 23 ("The prima facie showing of personal jurisdiction must be based on evidence of specific facts set forth in the record. In other words, the plaintiff must go beyond the pleadings and make affirmative proof.") (citation and internal punctuation omitted). Instead, plaintiff asserts that because Ocean Motion

failed to appear, she has been deprived of the opportunity to engage in jurisdictional discovery (and, at least implicitly, acknowledges that she cannot meet her prima facie burden). Consequently, she says her "venue choice and the allegations supporting it should be taken as true and in the light most favorable to Plaintiff." Plaintiff's memorandum (document no. 71) at para. 12. She then concludes by asserting that the "presumption in favor of Plaintiff's choice of forum," combined with her inability to conduct jurisdictional discovery, should relieve her of the burden to produce any additional facts relevant to the court's jurisdictional analysis. Id. at para. 13.

Looking beyond the fact that plaintiff appears to confuse and conflate the concepts of venue and personal jurisdiction, her memorandum lacks a critical element: she fails to allege what jurisdictional facts she reasonably expected to obtain through such discovery - facts to which she otherwise would not have access; facts that could only be obtained from Ocean Motion; and facts that would have demonstrated its minimum contacts with this forum. Instead, plaintiff speaks only in confusing generalities: "However, allegations could reasonably

5

have led to discovery and requisite jurisdiction ties, given an opportunity to do so. Defendant's default prevented the Plaintiff from conducting such discovery." Id. at para. 14. Plainly, more is needed to carry her burden. See generally Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992) (noting that a "prima facie showing of personal jurisdiction must be based on evidence of specific facts set forth in the record," and observing that "it has long been the rule of this circuit, however, that plaintiffs may not rely on unsupported allegations in their pleadings to make a prima facie showing of personal jurisdiction."). See also Phillips v. Prairie Eye Ctr., 530 F.3d 22, 26 (1st Cir. 2008) ("In order to make a prima facie showing of jurisdiction, 'the plaintiff ordinarily cannot rest upon the pleadings but is obliged to adduce evidence of specific facts.'") (quoting Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995)).

## Conclusion

Despite having been afforded the opportunity to do so, plaintiff has failed to carry her burden of making a prima facie showing that Ocean Motion is subject to personal jurisdiction in this proceeding. Accordingly, her motion for default judgment

(document no. 47) is denied and her claims against Ocean Motion Watersports, Ltd. are dismissed for lack of personal jurisdiction.

As all of plaintiff's other claims have been resolved by reason of settlement, the Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 13, 2016

cc: Glenn J. Holzberg, Esq.
    John E. Brady, Esq.
    Phillip S. Bixby, Esq.